EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK 3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone:  (808)541-2850
Facsimile:  (808)541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO.  07-00608-02 HG |
| ) | |
| Plaintiff, ) | NOTICE IN LIMINE; MOTION IN |
| ) | LIMINE TO PRECLUDE IMPEACHMENT |
| vs. ) | OF SPECIAL AGENT GERALD LAWSON |
| ) | |
| NOLAN FERREIRA, ) | |
| ) | Date:   June 10, 2008 |
| Defendant. ) | Time:   9:00 a.m. |
| ) | Judge:  Hon. Helen Gillmor |

NOTICE OF MOTION

TO:  Mr. Donald L. Wilkerson
     Attorney at Law
     345 Queen St Suite 915
     Honolulu, HI 96813

     Attorney for Defendant
     NOLAN FERREIRA

          YOU ARE HEREBY NOTIFIED that the Motion In Limine to

Preclude Impeachment of Special Agent Gerald Lawson will be heard

before the Honorable Helen Gillmor, Chief United States District

Judge, in her courtroom on _____, 2008, at \_\_\_\_\_ \_.m., or as soon thereafter as counsel may be heard.

        DATED:  May 29, 2008, at Honolulu, Hawaii.

                          EDWARD H. KUBO, JR.
                          United States Attorney
                          District of Hawaii

                          By <u>/s/ Thomas Muehleck    </u>
                              THOMAS MUEHLECK
                              Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  07-00608-02 HG |
| | ) | |
| Plaintiff, | ) | MOTION IN LIMINE TO PRECLUDE |
| | ) | IMPEACHMENT OF SPECIAL AGENT |
| vs. | ) | GERALD LAWSON |
| | ) | |
| NOLAN FERREIRA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MOTION IN LIMINE TO PRECLUDE
IMPEACHMENT OF SPECIAL AGENT GERALD LAWSON

The United States of America, through Assistant United States Attorney Thomas Muehleck, moves this Court in limine to preclude impeachment of Special Agent Gerald Lawson on the grounds that the probative value of the impeachment material is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

I.  FACTS

SPECIAL AGENT GERALD LAWSON

In January 1999, Special Agent Robert Aiu of the Drug Enforcement Administration (DEA) accused Special Agent (SA) Lawson of two instances of misconduct.  SA Aiu accused SA Lawson of being untruthful on November 10, 1998, when asked about the disappearance of a stuffed bird from the DEA office space.  Aiu also accused SA Lawson of being untruthful on December 30, 1998, when asked who initiated an inquiry regarding an agent in the office.

The DEA's Office of Professional Responsibility (OPR) investigated SA Lawson's and concluded their investigation of the matter and cleared SA Lawson of wrongdoing. OPR found that while SA Lawson was not forthcoming when asked questions by SA Aiu, the alleged incidents did not call into question SA Lawson's honesty or integrity.

II.  ARGUMENT

   THIS COURT SHOULD PRECLUDE IMPEACHMENT OF SPECIAL
   AGENT GERALD LAWSON WITH THE INFORMATION REGARDING
   THE CONFLICTS WITH SPECIAL AGENT AIU

This Court should not allow the defense to question SA Gerald Lawson about his conflicts with SA Aiu. The incident is trivial, and does not reflect upon the integrity or honesty of the agent. The probative value of such evidence is far outweighed by the twin dangers of unfair prejudice and confusion of the issues.

The due process clause of the United States Constitution imposes an obligation on prosecutors to provide the defense with evidence favorable to the accused that is material either to guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963). A prosecutor's obligation to provide favorable evidence to the defense includes evidence relating to the credibility of prosecution witnesses. Giglio v. Maryland, 405 U.S. 150, 154 (1972).

In the case law, materiality is often judged retrospectively; "evidence is material only if there is a "reasonable probability" that, had it been disclosed, a different result would have been reached at trial." United States v. Bagley, 473 U.S. 667, 682 (1985).  A "reasonable probability" of a different result exists when the suppression "undermines the confidence in the outcome of the trial." Kyles v. Whitley, 514 U.S. 419, 435 (1995), quoting United States v. Bagley, 473 U.S. at 678 (1985).

The materiality of the evidence turns on the issue of guilt or innocence.  Materiality does not concern the ability of the defense to prepare for trial.  The United States Supreme Court specifically rejected the contention that materiality turns on a defendant's ability to prepare for trial in United States v. Agurs, 427 U.S. 97, 112-3 n.20 (1976).

> It has been argued that the standard should focus on the impact of the undisclosed evidence on the defendant's ability to prepare for trial, rather than the materiality of the evidence to the issue of guilt or innocence [citation omitted].  Such a standard would be unacceptable for determining the materiality of what has been generally recognized as "Brady material" for two reasons.  First, that standard would necessarily encompass incriminating evidence, as well as exculpatory evidence, since knowledge of the prosecutor's entire case would always be useful in planning the defense.  Second, such an approach would primarily involve an analysis of the adequacy of the notice given to the defendant by the State, and it always has been the Court's

3

>           view that the notice component of due process
>           refers to the charge rather than the
>           evidentiary support for the charge.

Id.

Courts are quick to find impeachment evidence to be material, and requiring disclosure, where the impeachment evidence concerns informants who have been granted immunity. See, e.g., Carriger v. Stewart, 132 F.3d 463 (9th Cir. 1997), cert. denied, 523 U.S. 1133 (1998)(need for disclosure is particularly acute where the government presents witnesses who have been granted immunity from prosecution in exchange for their testimony); United States v. Bernal-Obeso, 989 F.2d 331, 333-34 (9th Cir. 1993)(immunized informants are cut from untrustworthy cloth and must be managed and watched carefully; all material information casting a shadow on their credibility must be disclosed.); accord Singh v. Prunty, 142 F.3d 1157, 1162 (9th Cir.), cert. denied, 119 S.Ct. 388 (1998)(disclosure should have been made where government witness received substantial benefits in exchange for testimony at murder trial, given importance of witness' testimony to the prosecution's case).

Where the impeachment evidence does not concern cooperating defendants, however, courts take a more conservative view of what is material. See, e.g., United States v. Kerr, 981 F.2d 1050, 1052 (9th Cir. 1992)(impeachment evidence not material where notes concerned a second possible source of the government

4

witness' cocaine, but the government had not alleged that defendant was the sole source of witness' cocaine, and also concerned an unrelated homicide and "other tangential matters"); United States v. Pelullo, 14 F.3d 881, 887 (3d Cir. 1994)(impeachment evidence not material because, inter alia, inconsistencies in dates would not devastate thrust of witness' testimony on diversion of funds); United States v. Thornton, 1 F.3d 149, 158-59 (3d Cir.) (undisclosed DEA payments not material where testimony of government witness was corroborated by other testimony and was not central to government's case), cert. denied 510 U.S. 982 (1993).

  An argument can be made that the incident is admissible in that it provides evidence for cross examination under Fed. R. Evid. 608(b).  This is not so, for two reasons.

  First, while 608(b) provides that specific instances of conduct may be inquired into on cross-examination, in the discretion of the court, "if probative of truthfulness or untruthfulness," such evidence should be excluded if it concerns remote or trivial incidents.  "Although 608(b) of the Federal Rules of Evidence does state that specific instances of conduct may be admissible to impeach a witness, that rule does not require or imply that every negative bit existing concerning a witness may be dragged into a case no matter how remote or minor

5

the alleged misconduct." United States v. Lafayette, 983 F.2d 1102, 1106 (D.C. Cir. 1993).

Second, the Ninth Circuit has tied the materiality of impeachment evidence to the Fed.R.Evid. 403 balancing test.  In United States v. Streit, 962 F.2d 894, 901 (9th Cir.), cert. denied, 506 U.S. 962 (1992), the Ninth Circuit found no error in the lower court's ruling that three internal Federal Bureau of Investigation documents which concerned the charged crime did not have to be disclosed because "while the documents might have some limited impeachment value, they would not have to be disclosed because their probative value was outweighed by the danger of unfair prejudice, confusion of the issues and undue delay." Id.; see also United States v. Phibbs, 999 F.2d 1053, 1070 (6th Cir. 1993), cert. denied 510 U.S. 1119 (1994)(no abuse of discretion in refusing to permit cross-examination of agent regarding internal disciplinary investigation that had been resolved in his favor).

The incidents involving SA Gerald Lawson do not concern Agent Gerald Lawson's conduct during this investigation.  While the defense can argue that this incident has some impeachment value,  it also is sufficiently remote and minor to warrant exclusion.

Fed.R.Evid. 403 mandates, moreover, exclusion of the impeachment evidence as the probative value of the evidence is

significantly outweighed by the dangers of unfair prejudice and confusion of the issues.  The DEA has concluded their investigation and has found these incidents do not call into question Agent Gerald Lawson honesty or integrity.  Impeachment on this issue would misdirect the trial of Defendant into a trial of the Agent Gerald Lawson.  This would unfairly prejudice the government and would confuse the issues at stake in the case.

Based on the foregoing argument and authority, therefore, the government asks that this Court grant the government's motion in limine and preclude questioning of Agent Gerald Lawson on the issue raised.[1]

DATED:  May 29, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Thomas Muehleck
   THOMAS MUEHLECK
   Assistant U.S. Attorney

---

[1] The United States understands that the Court previously ruled that the defendant in United States v. Brooks, Cr. No. 98-00581 SOM could not raise this matter during cross-examination of Agent Gerald Lawson.  The Ninth Circuit Court of Appeals affirmed the Court's exclusion of the evidence.  United States v. Brooks, 64 Fed. Appx. 641, May 15, 2003.

7

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served Electronically through CM/ECF:

Mr. Donald L. Wilkerson   don@donwilkerson.com     May 29, 2008

    Attorney for Defendant
    Nolan Ferreira

                                               <u>/s/ Rowena Kang</u>